H. CHARLES GAUDIN, Judge Pro Tem.
Robert L. Leone was ordered in the 11th Judicial District Court to pay $200.00 alimony pendente lite and $400.00 child support each month. On appeal, he argues that these awards were excessive because the trial judge did not take into account the earning capacity of his wife, Sharon.
The Leones were married in 1977 and one child was bom of this union, Jeremy, now seven years of age.
Mrs. Leone, who has been living apart from Mr. Leone since October, 1984, testified that she was employed as a nurse’s aide earning $3.85 an hour during much of her marriage. She said that she only received one weekend off every six weeks and that she worked on holidays, including Christmas, Easter and Thanksgiving Day. She stated that she gave up her employment to spend more time with her husband and young son and also so that she could attend trade school and take a 14-month clerical course.
Mr. Leone contends that Mrs. Leone should immediately resume her nurse’s aide employment. She was asked, during cross examination: “And couldn’t you do the same type of work you were doing before?” She replied:
“No, sir, because I want to better myself. I’m never going to better myself at that nursing home at $3.85 an hour, the same work, the benefits are no good. I want to go to school and better myself, make more money and get a better education.”
The trial judge, who has broad discretion in resolving matters of this nature, said:
“Mrs. Leone has worked in the past but is currently unemployed. I am convinced by the testimony that her intentions to go to trade school are in good faith. She doesn’t strike me as being the type of individual who would sit back and not work ...
“Pendente lite alimony is more or less a temporary alimony. This is a stop gap measure designed by law to cover situations like this where the wife, although having the skills to work, is not employed at the time. I don’t think Mrs. Leone quit her job in anticipation of this divorce. I don’t see any bad faith on her part ...”
We cannot say that the trial judge erred in giving Mrs. Leone the opportunity to attend trade school even though it may require Mr. Leone to at least temporarily pay more than what he thinks his fair share should be.
The subject alimony pendente lite and child support rule was heard on January 7, 1985. Considerable time has passed since then and it may well be appropriate for another alimony and child support hearing, if one has not already been sought by either Mr. or Mrs. Leone.
In any event, we affirm that segment of the district court judgment complained of, with Mr. Leone to pay costs of this appeal.
AFFIRMED.